**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO.  3:25-CV-00855** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **ELIZABETH ANN DEASON PARKER UNOPENED SUCCESSION** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**MEMORANDUM RULING**

Before the Court is a Motion for Summary Judgment [Doc. No 5] filed by Plaintiff, United States of America ("the United States"). Defendant, Unopened Succession of Elizabeth Ann Deason Parker ("Parker"), did not file an opposition.

For the reasons set forth herein, the United States' Motion for Summary Judgment is **GRANTED**.

## I.    Background

Elizabeth Ann Deason Parker executed and delivered to One Reverse Mortgage, LLC, a Fixed Rate Note ("Note"), dated July 18, 2011, for a Home Equity Conversion Loan (the "Loan").[1] Simultaneously, Parker executed and delivered to the United States Department of Housing and Urban Development ("HUD") a Fixed Rate Second Note ("Second Note") for the Loan.[2] The Loan was made under HUD's Home Equity Conversion Mortgage loan program, a reverse mortgage program that does not require the borrower to make monthly or other periodic payments to repay a loan.[3]

---

[1] [Doc. No. 1-1]; [Doc. No. 5-1, p. 1].
[2] [Doc. No. 5-1, p. 1].
[3] [Id.].

Under this program, HUD insurers reverse mortgages originated by private lenders.[4] The Loan balance increases over time and does not become due and payable until the parties who signed the mortgage are deceased or have vacated the premises for a period of one year.[5]

Parker made a promise in paragraph 2 of the Note to pay a principal amount equal to the sum of all loan advances together with the interest starting at the rate of 5.060% per annum.[6] Concurrently with the execution and delivery of the Note and for the purpose of securing payment of the Note, Parker executed, acknowledged, and delivered to One Reverse Mortgage, LLC, a Fixed Rate Home Equity Conversion Mortgage, and to HUD a Fixed Rate Home Equity Conversion Second Mortgage, both filed in the Office of the Clerk of Court and Recorder for Ouachita Parish, Louisiana, on July 29, 2011, respectively under Registry Number 1587266, in Mortgage Book 2971, Page 436, and Registry Number 1587267, in Mortgage Book 2971, Page 449.[7]

The Mortgages constitute valid mortgages upon the Subject Property described therein as:

> A parcel of ground which is directly East of a 0.34 acre tract acquired by Elizabeth Parker by donation deed dated January 25, 1988, and recorded in Conveyance Book 1432, Page 188, Records of Ouachita Parish, Louisiana, and more particularly described as follows:
>
> From the Northeast corner of said 0.34 acre tract run East along the North line of said property a distance of 70 feet; thence running back between parallel lines a depth and distance of 108 feet, all situated in SW ¼ of the NW ¼ of

---

[4] [Id.].
[5] [Id. at pp. 1–2].
[6] [Doc. No. 1-1]; [Doc. No. 5-1, p. 2].
[7] [Doc. No. 5-1, p. 2]; [Doc. No. 1-2].

> Section 19, Township 18 North, Range 3 East, Ouachita Parish, Louisiana, commonly known as 376 Green Road, West Monroe, LA 71291 ("Subject Property").[8]

The Mortgage held by One Reverse Mortgage, LLC, was assigned to Finance of America Reverse, LLC, *formerly known as* Urban Financial Group Inc. ("Finance of America"), by a Notarial Endorsement and Assignment of Mortgage Note and Mortgage dated March 13, 2017, and filed into the record on March 22, 2017, in the Office of the Clerk of Court and Recorder for Ouachita Parish, Louisiana.[9]

Finance of America assigned said Mortgage to the Secretary of HUD by a Notarial Endorsement and Assignment of Mortgage Note and Mortgage dated July 31, 2018, and filed into the record on September 18, 2018, in the Office of the Clerk of Court and Recorder for Ouachita Parish, Louisiana, under Registry Number 1762280, in Mortgage Book 3710, Page 898.[10]

Parker died on September 8, 2021, while a resident of Monroe, Louisiana.[11] A written notice of intent to foreclose and accelerate the Mortgage balance, dated June 17, 2024, was mailed to the Estate of Elizabeth A. Parker and addressed to the Subject Property pursuant to paragraph 8 of the Note and paragraph 16 of the Mortgage.[12] The Court appointed Curator, Charles H. Heck, Jr., ("Heck")to represent the Unopened Succession of Elizabeth Ann Deason Parker as there have been no proceedings for the administration of succession of Parker opened, and her succession

---

[8] [Doc. No. 5-1, p. 2].
[9] [Id.]; [Doc. No. 1-3].
[10] [Doc. No. 5-1, p. 3]; [Doc. No. 1-4].
[11] [Doc. No. 5-1, p. 3].
[12] [Id.]; [Doc. No. 1-4].

had not been judicially accepted by her heirs pursuant to Louisiana Code of Civil Procedure Article 5091A(2)(a).[13]    Heck filed an Answer to the United States' complaint on September 8, 2025, denying all allegations in the complaint due to lack of sufficient information to justify belief.[14]    Heck sent certified mail to Parker's brother, Cleo Deason, Jr., and nephew, Cleo Deason, III, and also placed an advertisement in the Ouachita Citizen, requesting that anyone knowing the whereabouts of the heirs/legatees of Elizabeth Ann Deason Parker contact him.[15] To date, Mr. Heck has not had contact with either relative.[16] On April 15, 2025, the United States filed the instant Motion.[17]

The parties briefed all relevant issues, and the matter is ripe for ruling.

## II.    Law and Analysis

### A.    Standard of Review

A court should grant a motion for summary judgment when the pleadings, including the opposing party's affidavits, "show that there is no dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56; *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). In applying this standard, the Court should construe "all facts and inferences in favor of the nonmoving party." *Deshotel v. Wal-Mart La., L.L.C.*, 850 F.3d 742, 745 (5th Cir. 2017); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his

---

[13] [Doc. No. 5-1, p. 3]; [Doc. No. 3].
[14] [Doc. No. 4].
[15] [Id. at p. 1].
[16] [Id at p. 2].
[17] [Doc. No. 5].

favor."). As such, the party moving for summary judgment bears the burden of demonstrating that there is no genuine issue of material fact as to issues critical to trial that would result in the movant's entitlement to judgment in its favor, including identifying the relevant portions of pleadings and discovery. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). Courts must deny the moving party's motion for summary judgment if the movant fails to meet this burden. *Id.* This remains true even when a motion for summary judgment is unopposed, and the motion may not be granted solely because there is no opposition. *Swafford v. Experian Info. Solutions, Inc.*, No. 18-CV-789, 2019 WL 5597310, at *3 (M.D. La. Aug. 27, 2019); *Day v. Wells Fargo Bank Nat'l Ass'n*, 768 F.3d 435, 435 (5th Cir. 2014) (quoting *Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985)). Still, this Court is not required to search the record for materials in support of the nonmovant's claim. *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 (5th Cir. 1992), opinion corrected Mar. 26, 1992.

### B.    Merits

Pursuant to Title 12, United States Code, Section 1713(k), the National Housing Authority confers upon the Secretary of HUD the power to initiate foreclosure proceedings on property covered by a federally insured mortgage. *See* 12 U.S.C. § 1713(k). HUD authorizes its Secretary to "foreclose on any property or commence any action to protect or enforce any right conferred upon him by any law, contract, or other agreement." 42 U.S.C. § 3535(i)(1).

Based on the undisputed record in this matter, all requirements are met for the United States to foreclose on the property and recover the debt. *See U.S. v.*

*Lawrence*, 276 F.3d 193, 197 (5th Cir. 2011). The Note evidences that Parker signed the Note.[18] The record shows that HUD is the present holder of the Note.[19] Finally, the Certificate of Indebtedness and Notice of Intent to Foreclose demonstrate that the Notes are in default.[20] Additionally, the United States seeks to enforce its rights in this action *in rem* only.[21] It does not assert a right to recover a claim against any party or person *in personam*.[22] The record establishes that after allowing for all payments and other credits as of July 26, 2024, there remains a past due sum owed under the Note of $207,143.26, plus additional interest on the principal balance of $89,253.80 at the fixed rate of 5.060%.[23] Interest has been accruing after July 26, 2024, at the rate of $31.55 per day.[24]

### III.  Conclusion

For these reasons,

**IT IS ORDERED**, **ADJUDGED**, **AND DECREED**, that the United States' unopposed Motion for Summary Judgment [Doc. No. 5] is hereby **GRANTED**. The United States may foreclose on Parker's property to enforce the rights conferred upon it by law.

**IT IS FURTHER ORDERED** that the Clerk of Court pays the Court Appointed Administrator, Charlie Heck Jr., for his services in this matter.

MONROE, LOUISIANA, this 13th day of May 2026.

---

[18] [Doc. No. 1-1].
[19] [Id.]; [Doc. No. 1-4].
[20] [Doc. No. 1-5]; [Doc. No. 1-6].
[21] [Doc. No. 5-1, p. 5].
[22] [Id.].
[23] [Doc. No. 1-6].
[24] [Id.].

TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE